UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

United States of America,          Case No. 3:16-cr-315-2

         Plaintiff,

     v.          MEMORANDUM OPINION
         AND ORDER

Alton L. Cotton,

         Defendant.

### I.    INTRODUCTION AND BACKGROUND

Defendant Alton L. Cotton, an inmate at Federal Correctional Institution – Oakdale in Oakdale, Louisiana, seeks an order instructing that he be placed on home confinement for the remainder of his sentence. (Doc. No. 64; Doc. No. 66). The government opposes Cotton's request. (Doc. No. 65).

On October 5, 2016, Cotton and a co-defendant, Jesse J. Haley, were indicted on one count of enticing and coercing a minor to engage in sexually explicit conduct for the purpose of producing and transmitting live visual depictions of that conduct. (Doc. No. 6). The government subsequently filed a one-count superseding information, charging Cotton with enticing and coercing a minor to engage in sexual activity through the use of a facility or means of interstate commerce, in violation of 18 U.S.C. § 2422(b). (Doc. No. 42). Cotton agreed to waive his right to an indictment, (Doc. No. 43), and to plead guilty to the superseding information. (Doc. No. 44).

I accepted Cotton's guilty plea and, on April 18, 2018, sentenced him to serve 132 months in prison, followed by a supervised release term of 15 years. Cotton did not appeal.

On April 24, 2020, Cotton filed a request "to be placed on home confinement through compassionate release," asserting he was concerned about contracting Covid-19. (Doc. No. 64 at 1). He subsequently filed a second request for home confinement, asserting he had been diagnosed with Covid-19. (Doc. No. 66). He also filed a supplement to his earlier requests, alleging the staff at FCI Oakdale have failed to take appropriate steps to mitigate the spread of Covid-19 within the facility. (Doc. No. 67).

The government opposes Cotton's request, arguing he has not identified extraordinary and compelling reasons to justify a sentence reduction and that he poses a significant danger to the public if he is released. (Doc. No. 65 at 10-13).

## II. ANALYSIS

The First Step Act of 2018 amended the circumstances under which a court may order a defendant's compassionate release from incarceration. While previously a court could modify the defendant's compassionate release only after the Director of the BOP filed a motion for release, the First Step Act now permits a defendant to file a motion for compassionate release "after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier . . . ." 18 U.S.C. § 3582(c)(1).

Cotton asserts he filed his first administrative request for compassionate release on April 4, 2020. (Doc. No. 66 at 1). He states he has submitted two additional requests since then, but that he has not received a response. (*Id.*). More than 30 days have passed since Cotton's request, satisfying the administrative requirement set forth in § 3582(c)(1).

While Cotton's request may be procedurally proper, I conclude it lacks merit.

In his initial request, Cotton notes Attorney General William Barr issued guidance to the Bureau of Prisons to facilitate, as a means of responding to the Covid-19 pandemic, the release of

2

qualifying inmates to home confinement. (Doc. No. 64 at 1). Cotton contends he meets "all requirements but one" and asks that I place him on home confinement or "waive that one restriction" so the warden can recommend him for home confinement. (*Id.*). What Cotton neglects to mention is "that one restriction" is his crime of conviction. (*See* Doc. No. 65-1 at 2 ("Some offenses, such as sex offenses, will render an inmate ineligible for home detention.")). Further, he offers no basis for the implication that this Court has jurisdiction to create a one-time amendment to a policy statement offering guidance on prioritizing requests for the exercise of statutory authority assigned to the Bureau of Prisons. *See* 18 U.S.C. §3582(c)(1).

Cotton has been detained in federal custody since his arrest on October 26, 2016, meaning he has served less than 48 months of his 132-month sentence. His actions demonstrate he poses a danger to the community. *See id.*; 18 U.S.C. § 3553(a).

Cotton minimizes his offense, claiming his conduct was not "premeditated" but instead was "a single random act that happened at chance." (Doc. No. 66 at 2-3). Cotton ignores the fact that Haley told him before he joined the live video stream that there would be a nude 13-year-old on the live stream, as well as the fact that Cotton told the victim to engage in specific sexually explicit conduct. (Doc. No. 58 at 5).

He also disputes the government's assertion that he "had a liking to child pornography," arguing this is untrue because he was not convicted of possessing child pornography. (Doc. No. 66 at 2-3). Cotton seemingly has forgotten that, during the execution of a search warrant at his residence in July 2016, he admitted to law enforcement officers that he had 10-15 videos of child pornography on his laptop, depicting minors as young as 11. (Doc. No. 58 at 6).

Thus, Cotton's own statements contradict his claims that he "under[stands] what he has done," (Doc. No. 64 at 1), and that he has "been fully rehabilitated." (Doc. No. 66 at 4). Cotton's offense is extremely serious, even if his culpability is comparatively lower than his co-defendant's.

3

Cotton fails to demonstrate that allowing him to serve the remaining 84 months of his term of imprisonment would reflect the seriousness of his offense, provide just punishment or adequate deterrence, or to protect the public. 18 U.S.C. § 3553(a)(2).

Moreover, Cotton does not claim to have any preexisting medical conditions, much less any that may qualify as co-morbidities of Covid-19. He fails to identify extraordinary and compelling reasons sufficient to justify the modification of his sentence. *See, e.g., United States v. Prater*, No. CR 7:15-11-DCR-3, 2020 WL 2616120, at *1 (E.D. Ky. May 22, 2020) ("The Sentencing Commission has accordingly provided four narrow categories of extraordinary and compelling grounds for compassionate release: 'medical condition of the defendant,' 'age of the defendant,' 'family circumstances,' or 'other reasons ... [a]s determined by the Director of the Bureau of Prisons.'" (quoting United States Sentencing Guidelines Manual ("U.S.S.G.") § 1B1.13 n. 1.)); *United States v. Murphy*, No. 15-20411, 2020 WL 2507619, at *5 (E.D. Mich. May 15, 2020) (denying defendant's motion for compassionate release in part because defendant failed to identify a medical condition which could "be considered a 'serious physical or medical condition' that 'substantially diminishes [his ability] to provide self-care within the environment of a correctional facility and from which he . . . is not expected to recover'").

### III. CONCLUSION

For these reasons, I deny Cotton's motions. (Doc. No. 64; Doc. No. 66).

So Ordered.

s/ Jeffrey J. Helmick  
United States District Judge